MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-mail: honolululawyer@outlook.com

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-mail: honolululaw808@gmail.com

Attorneys for Plaintiff
AAISHA SIDDIQUA MOZUMDER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AAISHA SIDDIQUA MOZUMDER,<br><br>Plaintiff,<br><br>vs.<br><br>QUEEN'S UNIVERSITY MEDICAL GROUP,<br><br>Defendant. | CIVIL NO. 1:25-cv-00497-MWJS-RT<br><br>FIRST AMENDED COMPLAINT;<br>SUMMONS |

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff AAISHA SIDDIQUA MOZUMDER, by and through her attorneys, Charles H. Brower and Michael P. Healy, for a cause of action against Defendant, alleges as follows:

## JURISDICTION

1. Plaintiff AAISHA SIDDIQUA MOZUMDER (hereinafter "MOZUMDER" or "Plaintiff") is and was at all times mentioned herein a resident of Honolulu, Hawaii, and a citizen of the State of Hawaii.

2. Defendant QUEEN'S UNIVERSITY MEDICAL GROUP (hereinafter "QUMG" or "Defendant") is a Profit Corporation incorporated in the State of Hawaii, with its principal place of business in Honolulu, Hawaii.

3. The jurisdiction of this Court is pursuant to Title VII of the Civil Rights Act of 1964, as amended, (Title VII) the Pregnant Workers Fairness Act ("PWFA") of 2023, 42 U.S.C. § 2000gg, and The Americans With Disability Act of 1990 (ADA).

4. The administrative prerequisites for filing this cause of action have been fulfilled. The Equal Employment Opportunity Commission ("EEOC") issued A Determination and Notice of Rights on August 26, 2025, for Charge No. 486-2025-00318.

## STATEMENT OF FACTS

5. On November 16, 2022, while employed as a clinical fellow at the Mount Sinai Hospital in New York City, Plaintiff applied for a neurointerventional surgery fellowship with QUMG.

6. On or about February 15, 2024, after several video interviews, QUMG offered Plaintiff the fellowship position.

7. On July 1, 2024, Plaintiff began a two-year neurointerventional surgery fellowship with QUMG, which was renewable yearly.

8. On July 5, 2024, during an office meeting with the program director, Plaintiff reported that she was pregnant. After the meeting, the director informed the radiation safety office about Plaintiffs pregnancy status.

9. Plaintiff requested that the program director allow her a reasonable accommodation to attend necessary medical appointments due to her pregnancy and a modified work schedule to accommodate her appointments.

10. On January 23, 2025, Plaintiff went on maternity leave and was scheduled to return to work on or about April 1, 2025.

11. On March 31, 2025, QUMG notified Plaintiff that they had scheduled a meeting for April 1, 2025; however, due to postpartum illness, Plaintiff had to extend her maternity leave until April 6, 2025, so the meeting was reset to April 8 2025.

12. On April 7, 2025, Plaintiff returned from maternity leave to work.

13. On April 8, 2025, Plaintiff met with the program director and a human resources department representative who informed Plaintiff that QUMG had terminated her from the fellowship position, which was not up for renewal until June 30, 2025.

14. During the termination meeting, the director stated that a reason for Plaintiffs termination was her inability to work extended duty hours during her pregnancy.

15. The Director also claimed that Plaintiff had performance issues during the fellowship.

16. QUMG violated the Fellowship Agreement by failing to provide Plaintiff prior notice of alleged performance issues or allow her an opportunity to correct any suspected performance issues before telminating Plaintiff.

17. QUMG alleged clinical incompetence as the reason for Plaintiffs termination, however, Plaintiff had not been counseled previously for inadequate work performance issues during the fellowship, or that she was not able to perform the essential functions of the position.

18. Plaintiff denies that she was incompetent and alleges that QUMG terminated her due to her pregnancy request for accommodation and inability to perform extended duty hours during her pregnancy.

19. Plaintiff alleges that QUMG terminated her because of her sex, being a pregnant female, in violation of Title VII of the Civil Rights Act of 1964, as amended; in violation of the Pregnant Workers Fairness Act of 2023, and the ADA.

## COUNT I – DISCRIMINATION UNDER TITLE VII

20. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

21. Plaintiff contends that the actions of Defendant violate Title VII of the 1964 Civil Rights Act, as amended.

22. Title VII of the 1964 Civil Rights Act, as amended, prohibits discrimination and termination due to sex, including being a pregnant female, and based on retaliation for complaining of the discrimination.

23. The acts described above and/or conduct of Defendant and its employees/agents constitute discrimination as they were acts and/or failure to act by Defendant and its employees/agents in direct violation of Title of the Civil Rights Act of 1964, as amended.

## COUNT II – VIOLATION OF THE ADA

24. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

25. The actions of Defendant's agents and employees in terminating Plaintiff or otherwise discriminating against her were in violation of the ADA, and for which Plaintiff is entitled to an award of damages she will prove at trial.

## COUNT III – VIOLATION OF THE PREGNANT WORKER'S FAIRNESS ACT OF 2023

26. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

27. Plaintiff contends that the actions of Defendant violate the Pregnant Workers Fairness Act ("PWFA").

28. The PWFA prohibits failure to provide reasonable accommodation, discrimination, and termination due to pregnancy and childbirth.

29. The acts described above and /or the conduct of Defendant and its employees/agents constitute failure to accommodate, and discrimination, as they were acts and/or failure to act by Defendant and its employees /agents in direct violation of the PWFA.

30. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof, Plaintiff AAISHA SIDDIQUA MOZUMDER prays for entry of judgment on all Counts:

A. For reinstatement to employment with Defendant QUMG with all benefits reinstated; and

B. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For punitive damages; and

E. For attorney's fees, costs, and interest, including prejudgment interest; and

F. For such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, February 10, 2026.

/s/ Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
AAISHA SIDDIQUA
MOZUMDER