**MARR JONES & WANG**
A LIMITED LIABILITY LAW PARTNERSHIP

SARAH O. WANG            6649-0
ASHLEY C. CHINEN        10704-0
1164 Bishop Street, Suite 800
Honolulu, Hawaii 96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700
swang@marrjones.com
achinen@marrjones.com

Attorneys for Defendant
QUEEN'S UNIVERSITY MEDICAL GROUP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AAISHA SIDDIQUA MOZUMDER,<br><br>        Plaintiff,<br><br>  vs.<br><br>QUEEN'S UNIVERSITY MEDICAL GROUP,<br><br>        Defendant. | CIVIL NO. CV 25-00497 MWJS-RT<br><br>DEFENDANT QUEEN'S UNIVERSITY MEDICAL GROUP'S **ANSWER TO FIRST AMENDED COMPLAINT** FILED ON FEBRUARY 10, 2026 [DOC 10]<br><br><br>No trial date.<br>Judge: Honorable Micah W.J. Smith |

# DEFENDANT QUEEN'S UNIVERSITY MEDICAL GROUP'S ANSWER TO FIRST AMENDED COMPLAINT FILED ON FEBRUARY 10, 2026 [DOC 10]

Defendant Queen's University Medical Group ("Defendant") hereby answers the First Amended Complaint filed by Plaintiff Aaisha Siddiqua Mozumder ("Plaintiff") on February 10, 2026 [DOC 10] (the "Complaint"), as follows:

## FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

1. In answer to paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, Defendant denies those allegations and leaves Plaintiff to her proof.

2. In answer to paragraph 2 of the Complaint, Defendant admits that it is incorporated in the State of Hawaii and that its primary place of business is in Honolulu, Hawaii. Defendant denies the remaining allegations contained in paragraph 2.

3. In answer to paragraph 3 of the Complaint, Defendant avers that the allegations contained therein are legal conclusions to which no response is

needed. To the extent a response is required, Defendant denies the allegations contained in paragraph 3 and leaves Plaintiff to her proof.

       4.      In answer to paragraph 4 of the Complaint, Defendant admits the EEOC issued a Determination and Notice of Rights on August 26, 2025 for Charge No. 486-2025-00318. Defendant avers that the allegations contained in the first sentence of paragraph 4 are legal conclusions to which no response is needed. To the extent a response is required, Defendant denies the allegations contained in the first sentence of paragraph 4 and leaves Plaintiff to her proof. Defendant denies the remaining allegations contained in paragraph 4 and leaves Plaintiff to her proof.

       5.      In answer to paragraph 5 of the Complaint, Defendant states that in Fall 2022, Plaintiff applied for a neurointerventional surgical fellowship with Defendant. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 5 and, on that basis, Defendant denies those allegations and leaves Plaintiff to her proof.

       6.      In answer to paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, Defendant denies those allegations and leaves Plaintiff to her proof.

7. In answer to paragraph 7 of the Complaint, Defendant admits that on July 1, 2024, Plaintiff began her employment with Defendant as an academic trainee of the Neurointerventional Surgery Program pursuant to an Agreement for Fellowship Training and Clinical Coverage dated July 1, 2024 (the "Agreement"). To the extent paragraph 7 attempts to interpret the terms and duration of the Agreement, Defendant states the Agreement speaks for itself and Defendant denies any allegations in paragraph 7 that purport to summarize, characterize, or alter the language in the Agreement. Defendant denies the remaining allegations contained in paragraph 7 and leaves Plaintiff to her proof.

8. In answer to paragraph 8 of the Complaint, Defendant states that Plaintiff informed the program director in July 2024 that she was pregnant and expecting in January 2025. Defendant admits that after Plaintiff informed the program director of her pregnancy, the program director informed the radiation safety office that Plaintiff was pregnant. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 8 and, on that basis, Defendant denies those allegations and leaves Plaintiff to her proof.

9. In answer to paragraph 9 of the Complaint, Defendant states that when Plaintiff requested time off to attend necessary medical appointments due to her pregnancy, her requests were granted and, as such, she was allowed to

modify her work schedule to accommodate her appointments, but Defendant denies as phrased the remaining allegations in Paragraph 9 and leaves Plaintiff to her proof.

10. In answer to paragraph 10 of the Complaint, Defendant states that Plaintiff was approved for leave beginning on or around January 28, 2025 until March 12, 2025, which was later extended. Defendant denies the remaining allegations contained in paragraph 10 and leaves Plaintiff to her proof.

11. In answer to paragraph 11 of the Complaint, Defendant admits a meeting was scheduled for April 1, 2025 that was rescheduled for April 8, 2025 after Plaintiff extended her leave until April 6, 2025. Defendant denies that Plaintiff extended her leave due to postpartum illness. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 11 and, on that basis, Defendant denies those allegations and leaves Plaintiff to her proof.

12. In answer to paragraph 12 of the Complaint, Defendant admits the allegations contained in paragraph 12.

13. In answer to paragraph 13 of the Complaint, Defendant states that a meeting was held on April 8, 2025 with Plaintiff, the program director, and a human resources department representative, and that during this meeting, Plaintiff was informed of her termination from the fellowship position and also from her

employment with Defendant. Defendant further avers that the terms of Plaintiff's employment, including the duration of her employment, were encompassed in the Agreement, which speaks for itself, and Defendant denies any allegations in paragraph 13 that purport to summarize, characterize, or alter the language in the Agreement. Defendant denies the remaining allegations contained in paragraph 13 and leaves Plaintiff to her proof.

      14.    In answer to paragraph 14 of the Complaint, Defendant denies the allegations contained in paragraph 14 and leaves Plaintiff to her proof.

      15.    In answer to paragraph 15 of the Complaint, Defendant admits the allegations contained in paragraph 15.

      16.    In answer to paragraph 16 of the Complaint, Defendant denies the allegations contained in paragraph 16 and leaves Plaintiff to her proof.

      17.    In answer to paragraph 17 of the Complaint, Defendant admits Plaintiff was terminated due to her performance, but denies all remaining allegations contained in paragraph 17 and leaves Plaintiff to her proof.

      18.    In answer to paragraph 18 of the Complaint, Defendant denies the allegations contained in paragraph 18 and leaves Plaintiff to her proof.

      19.    In answer to paragraph 19 of the Complaint, Defendant denies the allegations contained in paragraph 19 and leaves Plaintiff to her proof.

20. In answer to paragraph 20, Defendant hereby incorporates its responses to paragraphs 1-19 as set forth above.

21. In answer to paragraph 21 of the Complaint, Defendant denies the allegations contained in paragraph 21 and leaves Plaintiff to her proof.

22. In answer to paragraph 22 of the Complaint, Defendant denies the allegations contained in paragraph 22 and leaves Plaintiff to her proof.

23. In answer to paragraph 23 of the Complaint, Defendant denies the allegations contained in paragraph 23 and leaves Plaintiff to her proof.

24. In answer to paragraph 24, Defendant hereby incorporates its responses to paragraphs 1-23 as set forth above.

25. In answer to paragraph 25 of the Complaint, Defendant denies the allegations contained in paragraph 25 and leaves Plaintiff to her proof.

26. In answer to paragraph 26, Defendant hereby incorporates its responses to paragraphs 1-25 as set forth above.

27. In answer to paragraph 27 of the Complaint, Defendant denies the allegations contained in paragraph 27 and leaves Plaintiff to her proof.

28. In answer to paragraph 28 of the Complaint, Defendant denies the allegations contained in paragraph 28 and leaves Plaintiff to her proof.

29. In answer to paragraph 29 of the Complaint, Defendant denies the allegations contained in paragraph 29 and leaves Plaintiff to her proof.

30. In answer to paragraph 30, Defendant denies the allegations contained in paragraph 30 and leaves Plaintiff to her proof.

31. Defendant denies each and every allegation in the Complaint not specifically an unequivocally admitted herein.

## THIRD DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiff's claimed are barred by the workers' compensation exclusivity provisions of Hawaii Revised Statutes ch. 386.

## FIFTH DEFENSE

Plaintiff's claims are barred by her failure to exhaust contractual and/or administrative remedies, a condition precedent to the maintenance of her action.

## SIXTH DEFENSE

Plaintiff's injuries and damages, if any, were caused by persons or entities other than Defendant.

## SEVENTH DEFENSE

Plaintiff's damages, if any, are wholly or primarily the result of her own negligence and/or misconduct, or that of Plaintiff's agents and/or third parties, and not the result of any act or omission by Defendant.

## EIGHTH DEFENSE

Plaintiff's injuries and/or emotional distress, if any, and if legally attributable to any act or omission of Defendant, are apportionable against pre-existing or other illness or injury.

## NINTH DEFENSE

Without admitting liability or damages, any recovery to which Plaintiff might otherwise be entitled must be reduced by reason of Plaintiff's failure to exercise reasonable diligence to mitigate her damages, if any damages in fact were suffered.

## TENTH DEFENSE

Without admitting liability or damages, any recovery to which Plaintiff might otherwise be entitled is barred due to Plaintiff's failure to avoid harm through reasonable efforts under the doctrine of avoidable consequences.

## ELEVENTH DEFENSE

Any actions taken with respect to Plaintiff were reasonable, justified, privileged, in good faith, for legitimate, substantial, and non-discriminatory business reasons, and pursuant to applicable rules, regulations and practices, and believed to be in accordance with the laws of the United States and the State of Hawaii.

## TWELFTH DEFENSE

Defendant alleges, without admitting that it engaged in any of the acts, conduct, or statements attributed to it by Plaintiff, that any acts, conduct, or statements engaged in by Defendant were not the legal or proximate cause of Plaintiff's injuries and/or were not a substantial factor in causing any injuries complained of by Plaintiff.

## THIRTEENTH DEFENSE

Without admitting liability or damages, any recovery to which Plaintiff might otherwise be entitled must be reduced by reason of Plaintiff's contributory or comparative negligence or bad faith.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands, laches, collateral estoppel, res judicata, and/or other equitable doctrines.

## FIFTEENTH DEFENSE

Plaintiff's claim and prayer for punitive damages are unconstitutional because they violate the due process clause of the Fourteenth Amendment of the United States Constitution and/or Article I, Section 5 of the Constitution of the State of Hawaii

**SIXTEENTH DEFENSE**

To the extent that they apply and exist, Defendant intends to rely upon any and all statutory, regulatory, and/or common law privileges and immunities available to it as a defense against Plaintiff's claims.

Defendant reserves the right to assert additional affirmative defenses as they may become apparent as a result of discovery.

WHEREFORE, Defendant prays that (1) the Complaint be dismissed with prejudice; (2) Plaintiff takes nothing; (3) Defendant receives an award of its reasonable attorneys' fees and costs; and (4) Defendant receives such other and further relief as the Court deems just and equitable.

DATED:   Honolulu, Hawaii, February 19, 2026.

*/s/ Ashley C. Chinen*
SARAH O. WANG
ASHLEY C. CHINEN

Attorneys for Defendant
QUEEN'S UNIVERSITY MEDICAL GROUP